[See Case No. 3,560.]

## Case No. 9,150.

### In re MARTIN.

[6 Ben. 20.] [1]

District Court, S. D. New York. April, 1872.

BANKRUPTCY — ERRONEOUS ADJUDICATION — COPARTNERSHIP.

On the petition and schedules of one member of a copartnership, an adjudication of bankruptcy of the firm was made. It appeared that neither of the other members of the firm had consented to the adjudication of bankruptcy, and that they had no place of business within, and resided out of, the district where the petition was filed: *Held*, that the adjudication as to the other members of the firm was erroneous, as the court was without jurisdiction as against them, and that as to them such adjudication must be vacated, but should be allowed to stand as to the petitioning member.

On the 16th of March, 1872, on the petition and schedules of Henry Martin, a member

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

of the firm of Martin, Vaughan & Co., the adjudication of bankruptcy of said firm was signed by the register to whom the case was referred, under a misapprehension of the facts as to Vaughan and Montgomery, the other members of the firm. On a subsequent examination of the petition and schedules, it appeared that there was no evidence that either Vaughan or Montgomery had consented to the adjudication of bankruptcy of the firm; that they had no place of business in the district, and resided out of the district; and that the debts were all contracted prior to January 1st, 1869. The register thereupon, on the same day, of his own motion, made an order setting aside the said adjudication, without notice to the attorney for the petitioner, and, on March 18th, the following Monday, made an adjudication of bankruptcy of said Henry Martin individually. The petitioner thereupon moved that the order setting aside the adjudication of March 16th, and the adjudication of March 18th, be vacated. The register certified the above facts to the court, with his opinion that the adjudication of the firm of Martin, Vaughan & Co. was erroneous, and that Vaughan and Montgomery were entitled to be heard before being adjudged bankrupts.

BLATCHFORD, District Judge. The adjudication of March 16th, 1872, as to Vaughan and Montgomery, was erroneous, as the court was without jurisdiction as to them. I direct an order to be entered vacating such adjudication as to them, but allowing it to stand as to Martin alone. In order to prevent any possible embarrassment, the order had better provide that the register's order setting aside the adjudication of March 16th be vacated, and that the adjudication of March 18th be vacated.